NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAR 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR IVAN MEZA MANZANO, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 25-774 Agency No. A215-952-291 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2026**
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and EZRA, District Judge.***

Oscar Ivan Meza Manzano, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals ("BIA") decision affirming an

immigration judge's ("IJ") denial of his application for cancellation of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The agency's determination of "exceptional and extremely unusual hardship" is reviewable under 8 U.S.C. § 1252(a)(2)(D) as a mixed question of law and fact. *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024); *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1000 (9th Cir. 2025). We apply the substantial evidence standard to a hardship determination under 8 U.S.C. § 1229b(b)(1)(D), *see Gonzalez-Juarez*, 137 F.4th at 1002, and "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Because the BIA adopted and affirmed the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), we review both decisions. *See Cruz v. Bondi*, 146 F.4th 730, 737 (9th Cir. 2025).

1.      Substantial evidence supports the agency's denial of cancellation of removal. The standard for "exceptional and extremely unusual hardship" is "a very demanding one," *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010), and the hardship must be "out of the ordinary and exceedingly uncommon," *Gonzalez-Juarez*, 137 F.4th at 1006. While Meza Manzano argues that the agency did not properly weigh the hardship factors and consider them cumulatively, the record shows that the agency thoroughly considered the factors relevant to his case, including the ages, health, educational needs, and financial support of his qualifying relatives. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1012 (9th

Cir. 2005). As the agency found, Meza Manzano and his wife are healthy, they each have work experience, and they maintain access to family support, including from relatives who live nearby. Nothing in the record indicates that Meza Manzano's qualifying relative children would be unable to access public benefits in the United States, including continued opportunities in their public school, if Meza Manzano is removed. On the record before us, substantial evidence supports the agency's finding that difficulty for Meza Manzano's qualifying relatives would not rise to the exceptional and extremely unusual hardship standard.

2. On appeal, Meza Manzano introduces extra-record evidence about his youngest child's medical needs, his oldest child's current school attendance and ability to care for her siblings in her father's absence, and more recent country conditions reports. However, we may not review this evidence submitted for the first time on appeal, as courts of appeals may only decide a petition "on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A); *Fisher v. I.N.S.*, 79 F.3d 955, 964 (9th Cir. 1996) (en banc).[1]

**PETITION DENIED.**[2]

---

[1] Because the agency has not yet had an opportunity to consider Meza Manzano's changed circumstances, the proper way to introduce new evidence is through a motion to reopen before the agency. *See* 8 U.S.C. § 1229a(c)(7).

[2] The stay of removal will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.